# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ANDREW KOZEL,                      *
                                   *     No. 14-797V
            Petitioner,            *     Special Master Christian J. Moran
                                   *
                                   *
v.                                 *
                                   *     Filed: December 11, 2017
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *     Entitlement; human papillomavirus
                                   *     ("HPV") vaccine; various injuries;
            Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Andrew Kozel filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa–10 through 34. The petition alleged that Mr. Kozel suffered numerous injuries after he received a series of human papillomavirus ("HPV") vaccines on June 15, 2012, August 7, 2012, and December 27, 2012. See Petition, filed Sept. 2, 2014.

Mr. Kozel has now filed a Motion for a Decision Dismissing His Petition. In view of Mr. Kozel's motion and the information in the record, the undersigned finds that Mr. Kozel has not shown entitlement to an award under the National Vaccine Injury Compensation Program ("Program").

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. **Procedural History**

Mr. Kozel filed a petition seeking compensation for injuries he sustained following the receipt of a series of HPV vaccines on June 15, 2012, August 7, 2012, and December 27, 2012. The petition alleges that the vaccine administration caused Mr. Kozel to suffer weight loss, double vision, vision changes, ringing in ears, congestion, hair loss, numbness/tingling, headache and dizziness, heat/cold intolerance, bad breath, frequent diarrhea, indigestion, dry lips and mouth, acne, itchy scalp, bloating, chest pain and pressure, swollen glands, fatigue, and stomach pain.

On March 13, 2015, the Secretary filed his Rule 4 report. The Secretary noted that Mr. Kozel had not claimed a particular diagnosis or injury and had only claimed a list of symptoms of an unknown injury. The Secretary concluded that Mr. Kozel failed to demonstrate, by a preponderance of the evidence, that his injuries were caused-in-fact by the HPV vaccine.

Mr. Kozel submitted additional evidence. On May 19, 2015, Mr. Kozel filed an opinion letter from one of his treating physicians, Dr. Lynne Mielke. Exhibit 13. Mr. Kozel filed an expert report from Dr. David Axelrod and a report from Dr. Patrick Nemechek. Exhibits 14, 27. Mr. Kozel also submitted a supplemental expert reports from Dr. Nemecheck. Exhibits 103, 105, 106, and 110.

The Secretary countered this evidence by filing expert reports from Dr. Randy Longman and from Dr. Phillip Low. Exhibits A, C, I, and J.

The parties began to plan for an entitlement hearing, which was eventually set for March 15 and 16, 2018. Order, issued June 8, 2017.

Mr. Kozel filed the pending Motion for a Decision Dismissing His Petition. The motion states: "Mr. Kozel and his family no longer wish to pursue this vaccine claim. The Petitioner respectfully moves for a decision by the Special Master dismissing his case." Pet'r's Mot. to Dismiss, filed August 15, 2017. The motion also represents: "Petitioner understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." Id. at ¶ 4.

## II. Analysis

After presenting six reports from specially retained experts (Dr. Axelrod and Dr. Nemechek) plus a separate report from a treating doctor (Dr. Mielke), Mr. Kozel does not want to pursue his case. His motion also indicates that he expects to receive a judgment.

The precursor to a judgment is a decision. 42 U.S.C. § 300aa-12(e); Vaccine Rule 11(a). A decision includes findings of fact and conclusions of law. 42 U.S.C. § 300aa-12(d)(3)(A); see also Vaccine Rule 10; Mora v. Sec'y of Health & Human Servs., 673 Fed. App'x 991 (Fed. Cir. 2016) (discussing the requirement of a finding of fact in a decision).

In accord with Mr. Kozel's expressed desire both to end the case and to receive a judgment, the undersigned finds that Mr. Kozel has not met his burden of establishing that he is entitled to compensation. The undersigned also concludes that judgment shall enter against Mr. Kozel.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master